**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' HEALTH FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' VACATION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' APPRENTICESHIP & JOURNEYMAN**
**TRAINING FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS DEFINED BENEFIT PENSION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' DEFINED CONTRIBUTION PENSION**
**FUND, LABOR MANAGEMENT COOPERATION TRUST FUND,**
**and JERRY SHAE (in his capacity as Trustee),**

**CONTRACT ADMINISTRATION FUND,**

**NORTH CENTRAL STATES REGIONAL COUNCIL**
**OF CARPENTERS,**

**PAINTERS LOCAL 802 PENSION FUND,**
**PAINTERS LOCAL 802 HEALTH FUND,**
**PAINTERS LOCAL 802 APPRENTICESHIP**
**FUND, and JEFF MEHRHOFF (in his**
**capacity as Trustee),**

**PAINTERS LOCAL UNION NO. 802,**

                        **Plaintiffs,**

       **v.**                                      **Case No. 19-cv-950**

**URBAN CONSTRUCTION ADMINISTRATION, LLC,**

                        **Defendant.**
_____

**COMPLAINT**
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendants, allege and show to the court the following:

1.      This is a lawsuit for the Court to find that Urban Construction Administration, LLC is liable for the amounts identified by audits conducted by the Plaintiffs.

### Jurisdiction and Venue

2.      Jurisdiction of this Court upon Urban Construction Administration, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

3.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Funds are administered within this district with offices located in Eau Claire County, Wisconsin.

### Parties

4.      Plaintiffs North Central States Regional council of Carpenters' Health Fund, North Central States Regional Council of Carpenters' Vacation Fund, North

Central States Regional Council of Carpenters' Apprenticeship & Journeyman Training Fund, North Central States Regional Council of Carpenters Defined Benefit Pension Fund, and North Central States Regional Council of Carpenters' Defined Contribution Pension Fund, and Labor Management Cooperation Trust (collectively the "Carpenters Fringe Benefit Funds") are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintains 1704 Devney Drive, Altoona, Wisconsin 54702 and a mailing address at P.O. Box 4002, Eau Claire, Wisconsin 54702.

5.     Plaintiff Jerry Shea is a trustee and fiduciary of the North Central States Regional Council of Carpenters' Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Mr. Shea maintains an office at Market & Johnson, Inc. 2350 Galloway Street, Eau Claire, Wisconsin 54702.

6.     Plaintiff North Central States Regional Council of Carpenters is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings the action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains an office at N2216 Bodde Road, Kaukauna, WI 54130.

7.     Plaintiff Contract Administration Fund is an employer association comprised of contractors in the construction industry established for the general benefit

of construction contractors. It brings this action on behalf of its contractor members and maintains offices at 4814 East Broadway, Madison, Wisconsin 53716.

8.      Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund, and Painters Local 802 Apprenticeship Fund (collectively the "Painters Local 802 Fringe Benefit Funds") are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains 1571 Ivory Drive, Sun Prairie, Wisconsin 53590.

9.      Plaintiff Jeff Mehrhoff is a trustee and fiduciary of the Painters Local 802 Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for.  Mr. Mehrhoff maintains an office 1571 Ivory Drive, Sun Prairie, Wisconsin 53590.

10.      Painters Local Union No. 802 is a labor organization within the meaning of 29 U.S.C. § 1002, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains its offices at 1571 Ivory Drive, Sun Prairie, Wisconsin 53590.

11.      Defendant Urban Construction Administration, LLC is a corporation engaged in business with principal offices located at 6516 Monona Drive, Monona, Wisconsin 53716. Its registered agent for service of process is DeAngelo Jackson, 6516 Monona Drive, Monona, Wisconsin 53716.

**Facts**

12.     Urban Construction Administration, LLC is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

13.     For all times relevant, Urban Construction Administration, LLC has been a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the North Central States Regional Council of Carpenters Union and International Union of Painters and Allied Trades District Council 7, Local 802 (hereinafter "Union").

14.     The Unions represents, for purposes of collective bargaining, certain Urban Construction Administration, LLC employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

15.     The Labor Agreements described herein contain provisions whereby Urban Construction Administration, LLC agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

16.     By execution of said Labor Agreements, Urban Construction Administration, LLC adopted the trust  agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

17.     By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Urban Construction Administration, LLC has agreed as follows:

A.      to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the Labor Agreements;

B.      to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

C.      to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

D.      to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

E.      to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

F.      to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

G.      to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

18.     Urban Construction Administration, LLC has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

A.      failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Urban Construction Administration, LLC's covered employees; and

B.      failing to accurately report employee work status to the Plaintiffs.

19.     ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

(i)    interest on the unpaid contributions, or

(ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

20.    ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

21.    Despite demands that Urban Construction Administration, LLC perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to make its required payments. Urban Construction Administration, LLC is now indebted to the Plaintiff Funds as follows:

Audit Period: January 1, 2014 to the June 30, 2017:

| | |
|---|---|
| North Central States Regional Council of Carpenters' Health Fund | $3,097.92 |
| North Central States Regional Council of Carpenters' Apprenticeship and Training Fund | $185.13 |
| North Central States Regional Council of Carpenters' Defined Benefit Pension Fund | $3,188.43 |
| North Central States Regional Council of Carpenters' Defined Contribution Pension Fund | $892.76 |
| North Central States Regional Council of Carpenters' Dues Fund | $312.20 |
| Labor Management Cooperation Trust | $8.23 |
| Contractors Administration Fund | $35.72 |
| Painters Local 802 Pension Fund | $1,255.38 |
| Painters Local 802 Health Fund | $1,066.16 |
| Painters Local 802 Apprenticeship Fund | $125.43 |
| Painters Local Union No. 802 | $185.52 |

## Claim One - Against Defendant Urban Construction Administration, LLC Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

22.    As and for a claim for relief against Defendant Urban Construction Administration, LLC, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.    Due demand has been made by the Funds upon Urban Construction Administration, LLC, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

24.    Because, as the Plaintiffs are informed and believe, Urban Construction Administration, LLC has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Plaintiffs' trust funds is reduced, the Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.   Consequently, ERISA and the Plaintiffs' employee benefit

plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

25.     Because Urban Construction Administration, LLC has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**Claim Two - Against Defendant Urban Construction Administration, LLC
Violation of LMRA § 301 (29 U.S.C. §185)**

26.     As and for a second claim for relief against Urban Construction Administration, LLC, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 above and incorporate the same as though fully set forth herein word for word.

27.     For the purposes of this claim (Claim Two), the Contract Administration Fund, Painters Union Local No. 802, and North Central States Regional Council of Carpenters are hereinafter referred to as the "Fund and the Unions."

28.     Due demand has been made upon Urban Construction Administration, LLC for payment of the contributions, interest, and working dues listed above as owed to the Funds and the Union, but said Defendant has failed to pay them, or parts thereof, and amounts remain due and owing.

29.     Because, as the Fund and Union are informed and believe, Urban Construction Administration, LLC has not paid timely and prompt contributions on behalf of all covered employees, those amounts are owed to the Funds and Union and their

incomes are reduced and their members may be forced to pay working dues out of pocket or have eligibility terminated and benefits reduced for which they would otherwise qualify, even though said amounts may have already been deducted from their paychecks by Urban Construction Administration, LLC. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements. Consequently, the LMRA has been violated, and the Union and Fund are entitled to all of the remedies provided by the LMRA.

Dated this 19th day of November, 2019.

s/Philip E. Thompson
Philip E. Thompson (SBN: 1099139)
Yingtao Ho (SBN 1045418)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs